Argued and submitted September 2, affirmed November 12, 1986

# TELEDYNE WAH CHANG ALBANY,
*Petitioner on Review,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents on Review.*

(EAB 84-AB-476; CA A31254; SC S32553)

728 P2d 26

Jeffrey M. Batchelor, Portland, argued the cause for petitioner on review. With him on the petition were William F. Lubersky, Richard C. Hunt and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent on review Employment Division. With her on the brief were David B. Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Charles S. Tauman, Portland, argued the cause for the individual respondents on review. With him on the brief was Willner, Bennett, Hartman & Tauman, P.C., Portland.

GILLETTE, J.

**GILLETTE, J.**

This is an unemployment compensation case. The employer, Teledyne Wah Chang, sought judicial review of a decision of the Employment Appeals Board (EAB) finding that claimants were entitled to unemployment benefits. The Court of Appeals affirmed. *Teledyne Wah Chang Albany v. Employment Div.*, 77 Or App 148, 712 P2d 154 (1985). We affirm the Court of Appeals and EAB.

Claimants were employed by Teledyne Wah Chang at its Albany plant. In accordance with the collective bargaining agreement in force at the time, employer scheduled an "annual vacation shutdown" from August 13 to September 10, 1983. With a few exceptions not material here, no work was available for any of the plant's employes during that period. The collective bargaining agreement provided that, during a shutdown, employes were to use all their vacation time with the exception of certain reservable vacation time. The claimants in this case chose to reserve the portion of their vacation time that was permitted by the agreement and to go on leave without pay for a portion of the shutdown period. EAB awarded unemployment benefits to claimants for this portion of the shutdown period.[1]

The employer sought judicial review on two grounds. First, it argued that claimants were not "unemployed" within the meaning of ORS 657.100(1), which provides, in pertinent part:

> "An individual is deemed 'unemployed' in any week during which the individual performs no services and with respect to which no remuneration for services performed is paid or payable to the individual * * *."

Second, the employer argued that, even if claimants were unemployed, they were disqualified from receiving benefits because they "[v]oluntarily left work without good cause." ORS 657.176(2)(c).

---

[1] Claimants used their vacation time for another portion of the shutdown period. They were awarded no benefits for this period.

# I

■        The first issue is whether remuneration was "payable" to claimants within the meaning of ORS 657.100(1). The employer argues that remuneration was payable in the form of reserved vacation pay.[2] The Court of Appeals concluded:

> "Employer's contention is mistaken, because it is based on a misinterpretation of ORS 657.100(1), where the term 'remuneration' is identified with the week in which an individual either performed or did not perform services. The essential inquiry, therefore, is whether the claimant performed services during the period in question and whether any remuneration was paid or payable *for that period.*" *Teledyne Wah Chang Albany v. Employment Div., supra,* 77 Or App at 151 (emphasis in original).

We examine pertinent portions of the statutory scheme governing the unemployment compensation system. The first step in assessing a claim for unemployment compensation insurance is to determine whether the individual seeking benefits is "unemployed" within the meaning of ORS 657.100, if not in common parlance. If the individual is not unemployed, the inquiry stops there. If, however, the individual is unemployed, the inquiry shifts to whether he or she is entitled to benefits or is, for some reason, disqualified from receiving them. *See* ORS 657.155(1).

At this second, "disqualification," step, the legislature has dealt with the situation in which a claimant receives vacation pay. At the time relevant to this case, *former* ORS 657.150(8) provided:

> "Payment made to an individual for vacation taken shall be considered in the determination of the amount of benefits payable with respect to the vacation period * * *; however, *notwithstanding any other provision of this chapter, vacation payments made to an individual who is terminated, or placed on layoff status, shall not constitute a disqualification* and benefits payable under this chapter shall not be denied or

---

[2] The employer's contention that remuneration was actually paid does not merit discussion. *See Teledyne Wah Chang Albany v. Employment Divison,* 77 Or App 148, 151 nn 1-2, 712 P2d 154 (1985).

reduced because of receipt of any such payment." (Emphasis added.)[3]

Under the above provision, the actual receipt of vacation pay did not, in itself, disqualify a claimant from receiving unemployment benefits during the period of lay off. The necessary implication is that such a claimant was "unemployed" within the meaning of ORS 657.100, *i.e.*, the vacation payment would not constitute "remuneration * * * paid" to the claimant with regard to the week for which benefits are sought.

The employer nonetheless argues that, because claimants *could* have used vacation time for the period in question, the reserved vacation pay was "remuneration * * * payable" to them within the meaning of ORS 657.100(1). Under this reasoning, a claimant who was temporarily terminated or laid off would be unemployed if he or she elected to receive vacation pay but employed if he or she elected not to receive it. The legislature could not have intended such an absurd result. We agree with the Court of Appeals that there was no remuneration payable to claimants for the period in question and, therefore, they were unemployed within the meaning of ORS 657.100(1).[4]

_____

[3] ORS 657.150 was amended by Oregon Laws 1983, chapter 51, Section 1. The amended statute reads, in pertinent part:

"(8) Payment which has been, is or will be paid to an individual for vacation pay shall not be considered as earnings in the determination of the amount of benefits payable.

"(9) Notwithstanding the provisions of subsection (8) of this section, payment for a vacation shall be considered as earnings in the determination of the amount of benefits payable as provided in subsection (6) of this section if the individual is away from work for a designated vacation period:

"(a) As provided by union agreement;

"(b) By reason of an employer custom, practice or policy established by prior experience; or

"(c) At the request of the individual, except an election by an individual to receive vacation pay during a lay-off period of indefinite length or more than 60 days does not constitute a request for a vacation period."

[4] Petitioner also relies on the argument of the dissent below that, for policy reasons, "[t]he unemployment compensation laws should not be construed to provide compensation for time off work during which the employe voluntarily chooses not to receive pay to which he is entitled." *Teledyne Wah Chang Albany v. Employment Div., supra,* 77 Or App at 157 (Warren, J., dissenting). The short answer is that there is no such statutory requirement. The dissent's view would require a claimant to exhaust

## II

The employer also argues that claimants were disqualified from receiving benefits under ORS 657.176, which provides, in pertinent part:

"(2)  An individual shall be disqualified from the receipt of benefits * * * if * * * the individual:

"* * * * *

"(c)  Voluntarily left work without good cause * * *."

The employer first argues that claimants' unemployment was voluntary because they chose to go on leave without pay instead of using their vacation time. The Court of Appeals held that:

"Employer's contention is flawed, because it is based on the assumption that the phrase 'leave of absence' in the collective bargaining agreement indicates that claimants voluntarily left work; however, it does not. An employe's eligibility for benefits does not depend on terms found in a collective bargaining agreement. *McKinney v. Employment Division,* 21 Or App 730, 737, 537 P2d 126 (1975)." *Teledyne Wah Chang Albany v. Employment Div., supra,* 77 Or App at 152-53.

We agree that a "leave of absence" of the kind authorized in this collective bargaining agreement does not constitute grounds for disqualification from employment benefits. It is undisputed that claimants could not choose to go back to work during the shutdown; their only choice was whether to exhaust their vacation pay. Under these circumstances, the claimants' decision not to use vacation time did not constitute a "voluntary leaving" of work.

The employer's second argument, that claimants were voluntarily unemployed because they agreed, through their union, to allow the employer to impose the shutdown, is equally unpersuasive. The collective bargaining agreement provided that employes could elect to go on leave without pay while the plant was shut down. The parties could not, however, agree that, during this period, employes who elected to go

---

his or her vacation time in order to qualify as unemployed. The unemployment compensation law, however, is not a need-based public assistance program; rather, it is an insurance program designed to provide replacement income for workers who are unemployed through no fault of their own. Nothing in the unemployment law requires a claimant to exhaust his or her resources before applying or being eligible for benefits.

on leave without pay would be ineligible for unemployment benefits. ORS 657.855 provides in part:

> "No agreement by an individual to waive the individual's rights under this chapter is valid. * * *."

This provision indicates that the legislature recognized that what may be "voluntary" in a contractual sense may not be "voluntary" for the purpose of determining a worker's eligibility for unemployment.[5] Thus, where the parties authorize, by agreement, unpaid leaves of absence, they may not circumvent the unemployment compensation laws by characterizing such leaves as "voluntary."

The decision of the Court of Appeals and the Employment Appeals Board is affirmed.

---

[5] In light of ORS 657.855, we decline to follow the lead of the Missouri Court of Appeals in examining each case to determine whether the employes "voluntarily" agreed to a term in the collective bargaining agreement by determining for whose benefit the term was included. *See Combustion Engineering, Inc. v. O'Connor,* 395 SW2d 528 (Mo Ct App 1965).