Submitted March 3, affirmed July 12, petition for review denied December 21, 2023  (371 Or 771)

Jennifer J. CALEF,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
2021EAB0229; A176016

534 P3d 302

Petitioner seeks judicial review of an Employment Appeals Board (EAB) decision upholding the Oregon Employment Department's (OED) denial of her application for pandemic unemployment assistance. She asserts that EAB impermissibly applied 20 CFR section 625.4 (establishing eligibility requirements for disaster unemployment assistance) to the determination of her eligibility for pandemic unemployment assistance. She also argues that EAB erred by making findings of fact that were not supported by the record, failing to consider evidence she submitted into the record, and not supporting its findings with legal citations. *Held*: Petitioner was not considered a "covered individual" under the CARES Act because her income for the weeks in which she claimed pandemic unemployment assistance exceeded the weekly benefit amount set for her case by OED. EAB did not err in applying 20 CFR section 625.4 to petitioner's eligibility for pandemic unemployment assistance because that CFR section is expressly incorporated into the CARES Act. OED's decision was supported by substantial evidence and substantial reason and OED was not required to provide legal citations for each of its findings of fact.

Affirmed.

Jennifer J. Calef filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner seeks judicial review of the denial of her application for pandemic unemployment assistance under the Coronavirus Aid, Relief and Economic Security Act (CARES Act) Pub L 116-136, 134 Stat 281 (2020). In her first assignment of error, she asserts that the Employment Appeals Board (EAB) impermissibly applied eligibility requirements from 20 CFR section 625.4 to pandemic unemployment assistance eligibility determinations. In her second, third, and fourth assignments of error, petitioner argues that EAB made findings that were not supported by the record and failed to consider evidence she had submitted into the record. In her fifth assignment of error, petitioner asserts that EAB erred by failing to provide legal citations in its findings of fact. For the reasons explained below, we affirm.

We set out the legal framework at the start to provide context for the specific issues presented in this case. The CARES Act was enacted in March 2020, in response to the COVID-19 public health emergency. Among other things, the CARES Act provided the opportunity for "covered individuals" to receive pandemic unemployment assistance by directing the Secretary of Labor to provide "to any covered individual unemployment benefit assistance while such individual is unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation * * *." *Id.* § 2102(b). A person is considered a "covered individual" if they are

> "not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 2107, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 2107[.]"

*Id.* § 2102(a)(3)(A)(i).

The pandemic unemployment assistance program dovetailed with 20 CFR section 625, a preexisting disaster

unemployment assistance program. As such, section 2102(h) of the CARES Act stipulates that:

> "Except as otherwise provided in this section or to the extent there is a conflict between this section and section 625 of title 20, Code of Federal Regulations, such section 625 shall apply to this section as if—
>
> "(1)   the term 'COVID-19 public health emergency' were substituted for the term 'major disaster' each place it appears in such section 625; and
>
> "(2)   the term 'pandemic' were substituted for the term 'disaster' each place it appears in such section 625."

The question of eligibility for disaster unemployment assistance is addressed in 20 CFR section 625.4(i) which reads:

> "An individual shall be eligible to receive a payment of [disaster unemployment assistance] with respect to a week of unemployment *** if:
>
> "(i)   The individual is not eligible for compensation (as defined in § 625.2(d)) *** for such week under any other Federal or State law, except that an individual determined ineligible because of the receipt of disqualifying income shall be considered eligible for such compensation ***. ***"

Section 625.2(d) defines unemployment compensation, in relevant part, as "any assistance or allowance payable to an individual with respect to such individual's unemployment under any State law or Federal unemployment compensation law ***."

With that legal framework in place, we turn to the specifics of petitioner's case. Prior to the pandemic about half of petitioner's income came from her small business that made and sold dyed clothing at markets and fairs. The other half came from her work as a cashier for Bi-Mart. After the Governor's stay-at-home order was issued in March 2020, petitioner's clothing business shut down. However, she continued to cashier at Bi-Mart.

On March 29, petitioner filed a claim for regular unemployment benefits with the Oregon Employment Department (OED). On May 7, OED issued a Wage and

Potential Benefit Report to petitioner which stated that petitioner qualified for regular unemployment benefits with a weekly benefit amount of $172, a maximum benefit of $4,472, and a benefit expiration date of April 3, 2021. Petitioner first applied for regular unemployment benefits; those were denied because her earnings from Bi-Mart exceeded her weekly benefit amount. *See* ORS 657.100(1) (An individual is considered unemployed for the purposes of receiving regular unemployment benefits if "in any week of less than full-time work [the] remuneration paid *** for services performed during the week is less than the individual's weekly benefit amount."); ORS 657.155(1)(e) ("An unemployed individual shall be eligible to receive benefits with respect to any week only if *** [t]he individual is not disqualified from benefits or ineligible for benefits under any other section of this chapter.").

Petitioner then applied for pandemic unemployment assistance and claimed benefits for the weeks of March 29, 2020 to March 6, 2021. On October 16, 2020, OED notified petitioner that she was not eligible for pandemic unemployment assistance because she was eligible for regular unemployment assistance. Petitioner appealed that decision, but the ALJ upheld it. Petitioner then appealed to EAB, which also upheld OED's decision. This timely appeal followed.

In her first assignment of error, Petitioner challenges EAB's finding that she was not a "covered individual" for purposes of the CARES Act. She argues that in reaching that conclusion, EAB unlawfully added an eligibility requirement to the CARES Act when it interpreted section 2102(h) of the Act to require application of 20 CFR section 625.4 to pandemic unemployment assistance eligibility determinations. Alternatively, petitioner argues that even if EAB was correct in applying 20 CFR section 625, there was conflict between the applicable CFR provisions and the CARES Act, such that the CARES Act controlled. OED argues that EAB did not err because 20 CFR section 625 applies to the CARES Act *vis-à-vis* section 2102(h) of the Act and that EAB correctly concluded that there was no conflict between the applicable parts of 20 CFR section 625 and the CARES Act.

We review an agency's legal conclusions for errors of law. ORS 183.482(8)(a); *National Maintenance Contractors v. Employment Dept.*, 288 Or App 347, 348, 406 P3d 133 (2017), *rev den*, 362 Or 508 (2018). Because petitioner's argument concerns a question of statutory interpretation, we follow the principles espoused in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009) (In interpreting a statute we first examine its text and context, then if necessary, its legislative history and then, if the meaning is still unclear, we turn to other canons of construction.). We follow a similar process in interpreting federal statutes. *Friends of Columbia Gorge v. Columbia River*, 346 Or 366, 377-78, 213 P3d 1164 (2009).

As an initial matter, we disagree with EAB and OED that the starting point for a determination as to whether an applicant is a "covered individual" is the question whether the claimant has exhausted all Oregon unemployment benefits. By its terms, the statute creates a subcategory of covered individuals for those who have exhausted all benefits, but it is not required that a claimant have exhausted all unemployment benefits to be a "covered individual." Instead, the starting point for a determination of when an applicant is a "covered individual" is an examination of petitioner's employment status under state employment law. *See* Pub L 116-136, § 2102(a)(3)(A)(i), 134 Stat 281 (2020) (stating that a "covered individual" is one who is "not eligible for [other] compensation * * * under State or Federal law").

In Oregon, a claimant must be "unemployed" to be eligible for unemployment benefits. *Teledyne Wah Chang Albany v. Employment Div.*, 302 Or 186, 189, 728 P2d 26 (1986) (en banc); *Cook v. Employment Div.*, 47 Or App 437, 442 n 4, 614 P2d 1193 (1980).[1] As applicable in this case, ORS 657.100 establishes that an individual is "unemployed"

---

[1] Oregon also has a "qualification" requirement, which requires the individual to have worked a certain number of hours and have earned a certain amount before OED can set the individual's weekly benefit, maximum benefit, and benefit expiration date. ORS 657.150. There is no dispute in this case over whether petitioner "qualified" for unemployment benefits; the dispute is whether she was "eligible" for those benefits to be paid to her.

"in any week of less than full-time work if the remuneration paid or payable to the individual for services performed during the week is less than the individual's weekly benefit amount."

In plain terms, to be considered "unemployed" a person must make less during a week from any employment than they would receive in unemployment benefits. Here, petitioner made between $275 and $300 a week from her employment at Bi-Mart. However, her weekly benefit amount was $172. Therefore, petitioner was not "unemployed" under Oregon law, and was not eligible for Oregon state unemployment benefits.

Reading section 2102(a)(3)(A) of the CARES act alone, it would appear that petitioner, someone who was "not eligible" for state unemployment benefits, was thus a "covered individual" for purposes of pandemic unemployment assistance. However, section 2102(a)(3)(A) cannot be read in isolation. Importantly, and dispositively for petitioner's claim, there is an exception for claimants, like petitioner, who are not eligible for unemployment benefits because their weekly compensation exceeds any benefit amount. *See* 20 CFR § 625.4(i). Under section 625.4(i) when a claimant is "not eligible" for state unemployment benefits because their weekly compensation exceeds their benefit amount, the law treats that claimant as though they *were* "eligible" for state unemployment benefits. *See id.* ("except that an individual determined ineligible because of the receipt of disqualifying income shall be considered eligible for such compensation"). A claimant in that position is thus not a "covered individual" under the CARES Act. Because that is petitioner's situation, she was not a "covered individual" under the CARES Act, and EAB did not err in denying her application for pandemic unemployment assistance.

We disagree with petitioner's argument that EAB erred in applying 20 CFR section 625.4(i). EAB applied that regulation because the CARES Act required it. Section 2102(h) of the CARES Act expressly states that "[e]xcept as otherwise provided in this section or to the extent there is a conflict between this section and [20 CFR section 625], such section 625 shall apply ***." The phrase "shall apply"

indicates that application of 20 CFR section 625 is mandatory. That construction is supported by the sentences immediately thereafter, which require substituting the term "COVID-19 public health emergency" for the term "major disaster" and the term "pandemic" for the term "disaster" in each place that those terms appear within 20 CFR section 625. Because the law required incorporation of 20 CFR section 625, EAB did not err.

We also disagree with petitioner's argument that EAB erred in concluding that no conflict exists between the eligibility requirements of the CARES Act and the eligibility requirements of the CFR. To support her argument that there is a conflict between the CARES Act and the CFR, petitioner relies on a Department of Labor Manual (the manual) developed to provide guidance on how to administer the CARES Act. While it is true that the manual points to a possible conflict between 20 CFR 625 and the CARES Act, it does not demonstrate a conflict in a way that assists petitioner. In the portions cited to us, the manual refers to 20 CFR 625.6(e)(3) as a provision that conflicts with the CARES Act. That subsection of 625 specifically addresses requirements to document employment, self-employment, or the start of either. As the manual recognized, those specific requirements to provide documentation would conflict with the CARES Act, which allowed self-certification.

EAB did not rely on section 625.6(e)(3). Instead, EAB applied section 625.4(i), which addresses eligibility. There is no conflict between section 625.4(i) and the CARES Act; indeed, section 625.4(i) is readily incorporated into the CARES Act as further defining what makes a claimant a "covered individual." EAB was thus correct to determine that there was no conflict that prevented applying section 625.4(i).

We turn to two final points. Although we disagree with EAB and OED that the starting point in the analysis is the question of whether petitioner had "exhausted all rights to regular unemployment," we agree that as a matter of fact, she had not. As EAB explained, because petitioner's income for the weeks at issue was greater than her regular unemployment benefit of $172, petitioner had not been paid *any* unemployment benefits. As a result, petitioner had not

reached her maximum benefit of $4,472. Because petitioner retained the right to those benefits and could use them if and when she became "eligible" for them under state law, petitioner had not "exhausted all rights to regular unemployment" under the CARES Act.

Finally, petitioner argues that, even if she was not a covered individual under section 2102(a)(3)(A)(i) of the Act, she was eligible under section 2102(a)(3)(A)(ii)(II) because she is someone who "otherwise would not qualify for regular unemployment." Pub L 116-136, § 2102(a)(3)(A)(ii)(II), 134 Stat 281 (2020). But, as explained above, petitioner is both qualified and eligible for regular unemployment. Section 2102(a)(3)(A)(ii)(II) thus provides no basis for an award of pandemic unemployment assistance to petitioner.

In sum, given the intersection of the CARES Act and 20 CFR 625, petitioner was not a "covered individual" under the CARES Act because her weekly income from Bi-Mart exceeded her weekly unemployment benefit amount. Therefore, EAB did not commit legal error when it denied her application for pandemic unemployment assistance.

In petitioner's second, third, and fourth assignments of error petitioner argues EAB made findings not supported by the record and failed to consider certain evidence. We review EAB's order for substantial evidence and substantial reason. ORS 183.482(8)(c). "Substantial evidence to support a finding of fact is evidence that, viewing the record as a whole, would permit a reasonable person to make that finding." *Portland Assn. Teachers v. Mult. Sch. Dist. 1*, 171 Or App 616, 627, 16 P3d 1189 (2020). In conducting that review, our role "is not to substitute [our own] findings of fact for an ALJ's findings of fact, when there is substantial evidence in the record for the ALJ's finding." *Gaylord v. DMV*, 283 Or App 811, 822, 391 P3d 900 (2017). "This is true even when there is also substantial evidence to the contrary." *Id.* (citing *Wood v. MVD.*, 93 Or App 575, 577, 763 P2d 190 (1988)). "We review to determine whether a reasonable person could have made the findings supporting the decision, not whether a reasonable person could have made different findings." *Shakerin v. MVD.*, 101 Or App 357, 360, 790 P2d 1180 (1990).

Petitioner takes issue with two of the ALJ's findings—that petitioner filed a claim for regular unemployment benefits on March 29, 2020, and that petitioner claimed regular unemployment benefits for the week of March 29, 2020, and the weeks of April 12, 2020 through May 9, 2020. But those findings are supported by the record. The record contains OED's "Wage and Potential Benefit Report" which was issued to petitioner and identifies the date of her claim as March 29, 2020. And the claims report in the record indicates that petitioner claimed benefits for the five weeks in question. That is sufficient to meet EAB's substantial evidence burden.

Petitioner also argues that EAB failed to consider evidence about her business, as well as evidence and testimony she submitted regarding OED's classification of her claim as regular unemployment benefits rather than pandemic unemployment assistance. Our role on review is not to second guess the ALJ's findings when, as here, there is substantial evidence in the record to support those findings, even if other evidence in the record could lead a reasonable person to come to a different conclusion. EAB's findings were supported by substantial evidence in the record and EAB adequately explained why, for the purposes of determining pandemic unemployment eligibility, petitioner was considered eligible for regular unemployment benefits.

In petitioner's fifth assignment of error, she argues that EAB erred by failing to provide legal citation to support some of its findings. We review an agency's legal conclusions for errors of law. ORS 183.482(8)(a). We agree with the state that EAB was not required to provide legal citation to support each of its findings. An agency order must include findings of fact and conclusions of law. ORS 183.470(2) ("The findings shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."). Nothing in the rule requires EAB to support every finding of fact with a cited authority so long as EAB's findings are supported in the record, and it explains how those findings inform its legal conclusions. EAB did so here.

Affirmed.